1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10  NICHOLAS MESSERLI,                )          CV F- 06-0043 OWW DLB P
                                      )
11              Plaintiff,            )          ORDER DISMISSING COMPLAINT
                                      )          WITH LEAVE TO AMEND
12        v.                          )
                                      )
13  A. MALFI, et al.,                 )
                                      )
14              Defendants.           )
    _____ )

15

16

17        Plaintiff is a proceeding pro se and in forma pauperis with a civil rights action pursuant to 42

18  U.S.C. section 1983.  Pending before the Court is plaintiff's amended complaint transferred form the

19  Sacramento Division of this Court.

20        The Court is required to screen complaints brought by prisoners seeking relief against a

21  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

24  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28

25  U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend

26  may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

27  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

28        In the instant case, plaintiff brings action against Warden Malfi; Drs. Teegarden, Ionne,

1    Howard and St. Clair; and appeals coordinators W. Feicher and Stogadill.  Plaintiff alleges that

2    prison officials have been deliberately indifferent to his serious medical needs.  Plaintiff states that a

3    June 21, 2005 MRI of his cervical spine showed "Right Paracentral Disk Protrusion at C5-C."

4    Plaintiff alleges that a doctor informed him that his symptoms were caused by Cervical

5    Radiculopathy and Occipital Nerve Neuropathy.

6          Plaintiff alleges that the doctors at Sierra Conservation Center have deliberately refused to

7    recognize the above findings.  He also alleges that he has been refused treatment on a regular basis.

8          As plaintiff was previously informed, a prisoner's claim of inadequate medical care does not

9    constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate

10   indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate

11   indifference" standard involves an objective and a subjective prong.  First, the alleged deprivation

12   must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994)

13   (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a

14   "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct

15   undertaken for the very purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837.  A prison

16   official does not act in a deliberately indifferent manner unless the official "knows of and disregards

17   an excessive risk to inmate health or safety." Id.

18         In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's

19   civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere

20   'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton

21   v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.  "[A]

22   complaint that a physician has been negligent in diagnosing or treating a medical condition does not

23   state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does

24   not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble,

25   429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995);

26   McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs.,

27   Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc).  Even gross negligence is insufficient to

28

1  establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d

2  1332, 1334 (9th Cir. 1990).  A prisoner's mere disagreement with diagnosis or treatment does not

3  support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

4          In the instant case, plaintiff's amended complaint does not state sufficient facts to state

5  cognizable claims of deliberate indifference against the named defendants.  Indeed, plaintiff has

6  failed to make any specific allegations against the named defendants.  He mentions "medical staff"

7  but he fails to identify specific conduct by the named defendants which he alleges violated his

8  constitutional rights.

9          The Civil Rights Act under which this action was filed provides:

10              Every person who, under color of [state law] . . . subjects, or causes to
                be subjected, any citizen of the United States . . . to the deprivation of
11              any rights, privileges, or immunities secured by the Constitution . . .
                shall be liable to the party injured in an action at law, suit in equity, or
12              other proper proceeding for redress.  42 U.S.C. § 1983.

13  The statute plainly requires that there be an actual connection or link between the actions of the

14  defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department

15  of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit

16  has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the

17  meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or

18  omits to perform an act which he is legally required to do that causes the deprivation of which

19  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim

20  for relief under section 1983, plaintiff must link each named defendant with some affirmative act or

21  omission that demonstrates a violation of plaintiff's federal rights.

22          The Court will provide plaintiff one final opportunity to file an amended complaint to cure

23  these deficiencies.  Plaintiff is reminded that he must allege more than the treatment he has received

24  has been inadequate and that he disagrees with the treatment that has been rendered.  This is

25  insufficient to state a claim.  Plaintiff must allege that defendants knew of and disregarded a serious

26  risk to plaintiff's health.

27          In addition, with respect to Warden Malfi, supervisory personnel are generally not liable

28

1  under section 1983 for the actions of their employees under a theory of respondeat superior and,

2  therefore, when a named defendant holds a supervisorial position, the causal link between him and

3  the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858,

4  862 (9th Cir. 1979);  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

5  941 (1979).  To show a prima facie case of supervisory liability, plaintiff must allege facts indicating

6  that supervisory defendants either: personally participated in the alleged deprivation of constitutional

7  rights; knew of the violations and failed to act to prevent them; or promulgated or implemented a

8  policy "'so deficient that the policy itself "is a repudiation of constitutional rights" and is "the moving

9  force of the constitutional violation."'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor

10  v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  As discussed above, plaintiff has not alleged facts to

11  indicate an underlying violation of his constitutional rights, therefore, there can be no claim of

12  supervisory liability against Warden Malfi.  The warden position, without more, is an insufficient

13  basis upon which to impose liability under section 1983.

14      In summary, the Court finds it necessary to dismiss the amended complaint in its entirety.

15  The Court will grant plaintiff an opportunity to amend to cure the deficiencies of this complaint.

16  Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

17      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

18  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy,

19  625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named

20  defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some

21  affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v.

22  Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

23  588 F.2d 740, 743 (9th Cir. 1978).

24      In addition, plaintiff is informed that the Court **cannot refer to a prior pleading** in order to

25  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

26  complaint be complete in itself without reference to any prior pleading.  This is because, as a

27  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d

28

55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

       1.  Plaintiff's complaint is dismissed; and

       2.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in dismissal of this action.

IT IS SO ORDERED.

**Dated:   April 19, 2007**          **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE